JEFFREY A. ROSENFELD (SBN 136896)
RACHEL E. K. LOWE (SBN 246361)
LISA GARCIA (SBN 301362)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
E-mail: jeffrey.rosenfeld@alston.com
            rachel.lowe@alston.com
            lisa.garcia@alston.com

Attorneys for Defendant
**WALMART INC.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| DANIELLE HUBMER, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>WALMART, INC.; and Does 1-100,<br><br>          Defendants. | Case No.: 5:20-cv-1369<br><br>**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF CLASS ACTION (28 U.S.C. §§ 1332, 1446, & 1453).**<br><br>[Filed concurrently with Declaration of Rachel E. K. Lowe; and Certificate of Service.] |

NOTICE OF REMOVAL

LEGAL02/39891969v3

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that Defendant Walmart Inc. ("Walmart") hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1446, and 1453, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), the action entitled *Danielle Hubmer v. Walmart, Inc.*, originally filed in the Superior Court of the State of California, County of Riverside and assigned Case No. RIC2001569 (the "State Court Action"). The grounds for removal are set forth herein.

## I.   INTRODUCTION

On or about June 8, 2020, Plaintiff Danielle Hubmer ("Plaintiff") commenced the State Court Action, alleging causes of action on a representative basis for (1) violation of Civ. Code § 1750, *et seq.*; (2) unfair business practices in violation of California Business & Professions Code § 17200, *et seq.*; (3) unlawful business practices in violation of California Business & Professions Code § 17200, *et seq.*; (4) breach of contract; and (5) violation Civ. Code § 1723, *et seq.* Plaintiff alleges that she and members of a putative class of California residents purchased item(s) from Walmart and were denied a return because of a change in Walmart's return policy due to COVID-19. A copy of the Complaint is attached hereto as Exhibit "A." On June 9, 2020, Plaintiff served the Complaint on Walmart's registered agent. (Exhibit B).

## II.   THIS COURT HAS JURISDICTION UNDER CAFA

Walmart removes the State Court Action pursuant to CAFA, codified under 28 U.S.C. § 1332(d).

Signed into law on February 18, 2005, CAFA significantly expanded federal subject matter and removal jurisdiction over class actions. CAFA vests original jurisdiction for class actions in federal court where there is minimal diversity and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d).

CAFA's requirements are satisfied here, as set forth below:

LEGAL02/39891969v3

**A.     Class Action.**

The State Court Action is a class action as defined by CAFA.  According to CAFA:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.

28 U.S.C. § 1332(d)(1)(B).

Plaintiff's Complaint alleges a putative class action on behalf of herself and a proposed class defined as "all California residents who (1) purchased an item from [Walmart]; and (2) were denied a return despite complying with all terms in Walmart's longstanding and well disclosed return policy."  (*See* Exhibit A, ¶¶ 1-2).  The State Court Action therefore meets the definition of a "class action" under CAFA.

**B.     Removal Under CAFA.**

CAFA provides that a class action against a non-governmental entity may be removed if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, excluding interests and costs.  28 U.S.C. § 1332(d), (d)(5), and § 1453(b).  These requirements are met here.

**1.     The Number of Proposed Class Members Is At Least 100.**

First, numerosity is satisfied based on the allegations in the Complaint.  Plaintiff asserts in the Complaint that there are "tens of thousands, if not hundreds of thousands" of persons in the proposed class.  (*See* Exhibit A, ¶ 18).

**2.     Diversity of Citizenship Under CAFA.**

Minimal diversity is met here because Plaintiff is a citizen of California, and defendant Walmart is a citizen of states other than California.

LEGAL02/39891969v3

"[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 1800 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). Minimal diversity" is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

An individual is a citizen of the state where he or she resides. 28 U.S.C. § 1332(a)(1). Plaintiff is an individual that resides in California, and as such, is a citizen of the State of California. (See Exhibit A, ¶ 4 & Declaration of Danielle Hubmer attached thereto).

Walmart is not a citizen of California. A corporation is deemed a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *The Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010) (for diversity jurisdiction, "principal place of business" refers to the "nerve center" of the corporation which is where a corporation's officers direct, control, and coordinate the corporation's activities). At the time of commencement of this lawsuit and as of the date of this Notice of Removal, Walmart was and is a Delaware corporation with its principal place of business in Arkansas. (Lowe Decl., ¶ 2, Ex. 1). Therefore, Walmart is a citizen of the states of Delaware and Arkansas. At least one member of the proposed class is a citizen of a state different from Walmart within the meaning of 28 U.S.C. § 1332(d)(2)(A), and therefore CAFA's diversity of citizenship requirement is satisfied. The diversity that exists in this action not only satisfies the minimal diversity of citizenship requirement under CAFA, but also precludes the applicability of exceptions in 28 U.S.C. § 1332(d)(4)(A)-(B) because no defendant is located in California.

### 3.   <u>Amount in Controversy.</u>

CAFA's third requirement – that the aggregate amount in controversy, exclusive of interest and costs, exceed $5 million – is also satisfied. 28 U.S.C. § 1332(d)(2). Although Walmart asserts that the allegations in the Complaint are without merit and that neither Plaintiff, nor the putative class members have suffered any injury, the alleged amount in controversy here exceeds $5 million.

As the Supreme Court has explained, a removing defendant need only *plausibly allege* that the amount in controversy exceeds CAFA's threshold, "[i]n sum, as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 [135 S.Ct. 547, 553-554, 190 L.Ed.2d 495, 503] (2014); *see also Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1227-1228 (9th Cir. 2019) (explaining "The district court also erred by placing on Cox a burden to prove its jurisdictional allegations in response to Ehrman's facial challenge. … Because 'no antiremoval presumption attends cases invoking CAFA,' *Dart Cherokee*, 135 S. Ct. at 554, courts should be especially reluctant to *sua sponte* challenge a defendant's allegations of citizenship.").

In the Complaint, Plaintiff defines the class as all persons in California who purchased an item from Walmart and were denied a return despite complying with Walmart's allegedly long-standing return policy, which she estimates to include tens of thousands, if not hundreds of thousands of persons. (*See* Exhibit A, ¶¶ 2, 18). She does not limit the putative class by time period. Elsewhere in the Complaint, however, Plaintiff generally alleges that Walmart's return policy in California changed due to the COVID-19 pandemic on April 20, 2020. (*Id.*, ¶ 1). Plaintiff claims there are "thousands of complaints" regarding Walmart's return policy, and that alleged misinformation concerning the policy was "pervasive." (*Id.*, ¶ 15). She also alleges that the items she wished to return, but could not, had a dollar value of $151.99. (*Id.*, ¶ 26). Plaintiff further asserts that the classwide damages include the "full amount of the purchase prices of the goods [the putative class members] purchased." (*Id.*, ¶ 43). Plaintiff's lawsuit also seeks restitution, declaratory, injunctive, and/or other equitable relief, punitive damages, and attorneys' fees. (*See* Exhibit A, Prayer for Relief).

The amount in controversy for the relief Plaintiff seeks on behalf of the putative class, which includes the full value of purchased products that would have otherwise been returned, exceeds $5 million. The time period between when Plaintiff allegedly

attempted to return her apparel and other items, but was unsuccessful (April 27, 2020), and the date of removal (July 9, 2020), is over 10 weeks. (*See* Exhibit A, ¶¶ 11-12.) For Walmart's California stores alone, the average total dollar amount of returns per month to those stores in the twelve-month period leading up to April 2020 exceeds $5 million. Accordingly, the total dollar amount of returns to California stores for a 10-week average in the twelve-month period leading up to April 2020 significantly exceeds $5 million. The alleged amount at issue in Plaintiff's Complaint therefore exceeds the jurisdictional minimum under CAFA.

## III.   WALMART TIMELY FILED ITS NOTICE OF REMOVAL AND SATISFIED ALL PROCEDURAL REQUIREMENTS

### A.   This Notice of Removal is Timely Filed.

This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b), because it is filed within thirty (30) days after service of the Complaint on Walmart. Here, Walmart's registered agent was served with non-conformed copies of the Summons and Complaint on June 9, 2020. (Exhibit B). Therefore, this Notice of Removal, filed on July 9, 2020 – within 30 days of service – is timely filed pursuant to 28 U.S.C. §1446(b).

### B.   Walmart Has Satisfied all Procedural Requirements.

Venue is proper. Plaintiff filed this action in the Superior Court of the State of California, County of Riverside. Paragraph 2 of the Declaration of Danielle Hubmer attached to the Complaint also asserts she purchased her products from a Walmart store in Temecula, California, which falls within Riverside County. Accordingly, this action is properly removed to this Court, which embraces Riverside County within its jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

Additionally, Walmart is the only defendant served. Does 1-10, the Doe defendants, have not been named or served and need not consent to this Notice of Removal. *See Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

LEGAL02/39891969v3

Finally, Walmart provided notice.  Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings and orders" served on it in the State Court Action.  True and correct copies of these documents are listed below:

- Complaint (Exhibit A)
- Service of Process Transmittal on Walmart (Exhibit B)
- Summons to Walmart (Exhibit C)

Pursuant to 28 U.S.C. section 1446(d), Walmart is filing a copy of the Notice of Removal with the Clerk of Riverside County Superior Court and serving Plaintiff with the same.  A copy of the Notice to the Superior Court (which is being served on Plaintiff), without exhibits, is attached hereto as Exhibit "D."

## IV. <u>CONCLUSION</u>

WHEREFORE, Walmart respectfully submits that (1) CAFA applies to this action because the proposed class contains at least 100 members, (2) at least one member of the proposed class (and in fact all proposed members of the California class action) is a citizen of a state different than Walmart's state of citizenship and no other CAFA exceptions apply, (3) the aggregate amount in controversy exceeds $5 million, and (4) the procedural requirements under 28 U.S.C. § 1446 are met.  For these reasons, this action is properly removed to this Court.

DATED:  July 9, 2020

JEFFREY A. ROSENFELD
RACHEL E. K. LOWE
LISA GARCIA
**ALSTON & BIRD LLP**


/s/ Jeffrey A. Rosenfeld
Jeffrey A. Rosenfeld
Attorneys for Defendant
**WALMART INC.**

6

LEGAL02/39891969v3

## <u>CERTIFICATE OF SERVICE</u>

Rachel E. K. Lowe certifies and declares as follows:

1.      I am over the age of 18 and not a party to this action.

2.      My business address is Alston & Bird LLP, 333 S. Hope Street, 16th Floor, Los Angeles, California 90071, which is located in the city, county and state where the mailing described below took place.

3.      On July 9, 2020, at my direction, my office deposited in a facility regularly maintained by UPS with delivery fees fully provided for, or delivered the envelope to a courier or driver of UPS authorized to receive documents at Alston & Bird LLP, 333 S. Hope Street, 16th Floor, Los Angeles, CA  90071 with delivery fees fully provided for, a copy of the **DEFENDANT WALMART INC'S NOTICE OF REMOVAL OF CLASS ACTION (28 U.S.C. §§ 1332, 1446, & 1453)** addressed to:

> Mitch Kalcheim
> KALCHEIM LAW GROUP, P.C.
> 725 S. Figueroa Street, Suite 1750
> Los Angeles, California  90017
> Telephone;  213-955-7142
> **Attorneys for Plaintiff Danielle Hubmer**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on the 9th day of July 2020 at Los Angeles, California.


/s/ Rachel E. K. Lowe
                    Rachel E. K. Lowe

LEGAL02/39891969v3