UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-1369 JGB (KKx)** | Date | November 6, 2020 |
|---|---|---|---|
| Title | *Danielle Hubmer v. Walmart, Inc.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING-IN-PART AND DENYING-IN-PART Defendant's Motion to Dismiss (Dkt. No. 19); and (2) VACATING the November 9, 2020 Hearing (IN CHAMBERS)

Before the Court is a Motion to Dismiss under Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6) filed by Defendant Walmart, Inc ("Walmart"). ("Motion," Dkt. No. 19.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court GRANTS-IN-PART and DENIES-IN-PART Defendant's Motion. The November 9, 2020 hearing is VACATED.

## I.  BACKGROUND

On June 8, 2020, Plaintiff Danielle Hubmer ("Ms. Hubmer") filed a complaint against Defendant in the Riverside County Superior Court. (Dkt. No. 1-1.) Defendant removed to this Court on July 9, 2020, and Ms. Hubmer did not contest removal. (Dkt. No. 1.) On August 14, 2020, Defendant moved to dismiss the complaint. (Dkt. No. 10.) Rather than oppose, Ms. Hubmer filed a First Amended Complaint on September 4, 2020, adding Plaintiffs Kelly Schwalbach ("Ms. Schwalbach") and Angela O'Brien ("Ms. O'Brien") (collectively, "Plaintiffs"). ("FAC," Dkt. No. 14.) The FAC alleges six causes of action: (1) violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq.; (2) fraudulent and unfair business practices, in violation of Cal. Bus. & Prof. Code § 17200; (3) unlawful business practices in violation of Cal. Bus. & Prof. Code § 17200; (4) breach of contract; (5) violation of Cal. Civ. Code § 1723; and (6) negligent misrepresentation. (FAC at 20, 22-24, 26.)

Defendant filed this Motion on September 28, 2020 and included a Request for Judicial Notice of its Temporary Return Policy. (See Motion; "RJN 1," Dkt. No. 19-3; "Temporary Return Policy," Dkt. 19-2.) Plaintiffs opposed on October 19, 2020 and filed a Request for Judicial Notice on the same day.[1] ("Opposition," Dkt. No. 20; "RJN 2," Dkt. No. 21.) Defendant replied on October 26, 2020 and did not oppose the RJN. ("Reply," Dkt. No. 23.)

## II.   FACTUAL ALLEGATONS

Plaintiffs allege the following facts, which are assumed to be true for the purposes of this motion.

Defendant is a retail giant with stores across Southern California. (FAC ¶¶ 6, 29.) Defendant's posted and longstanding return policy allows returns within 90 days of purchase. (Id. ¶ 35.) Plaintiffs are all California residents and Walmart customers. (Id. ¶¶ 26-28, 39, 40.)

On April 25, 2020, Ms. Hubmer purchased clothing and exercise equipment at a Walmart store in Temecula, California for $151.99. (FAC ¶¶ 26, 32.) Two days later, when Ms. Hubmer attempted to return her purchases, the store manager refused to accept the items for return, citing a new COVID-19 return policy, and told Ms. Hubmer that they would never be eligible for refund. (Id. ¶ 33.) This policy was not posted in the store. (Id. ¶ 18.)

In June 2020, Ms. Schwalbach purchased clothing from a Walmart in Upland, California. (Id. ¶ 17.) That same month, she attempted to return the clothing. (Id.) The store's managers refused to accept the items for return, citing a new COVID-19 return policy. (Id.) Ms. Schwalbach has been unable to pay off the balance on her credit card and is currently paying interest on the cost of the items. (Id. ¶ 28.)

In April and May 2020, Ms. O'Brien purchased clothing at Walmart locations in San Jacinto and Murrieta, California. (Id. ¶ 28.) Store managers prevented her, too, from returning

---

[1] Pursuant to Federal Rule of Evidence 201, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). An adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Defendant requests judicial notice of its online Temporary Return Policy. Plaintiff does not oppose and, indeed, cites this Temporary Return Policy in its Opposition. (Opposition at 6.) Plaintiff requested judicial notice of the legislative history of California Civil Code § 1723. "Legislative history is properly a subject of judicial notice." Anderson v. Holder, 673 F.3d 1089, 1094 (9th Cir. 2012). Accordingly, the Court GRANTS both parties' RJNs.

clothing in May, pursuant to an unposted policy, and informed her that her items would never be eligible for a refund.  (Id. ¶¶ 28, 18, 50.)

On June 15, 2020, Defendant posted a Temporary Return Policy on its website that acknowledged returns had been "paused" on "food, paper goods, home cleaning supplies, laundry soap, pharmacy, health & beauty and apparel items," reopened returns on some of these items in some states, and continued the "pause" on other items.  (Temporary Return Policy.)

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Horosny v. Burlington Coat Factory, Inc., No. 15–05005, 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).  The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV.  DISCUSSION

**A.   Standing**

### 1.  Injury in Fact

All federal court plaintiffs must have standing to sue.  Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-561 (1992).  Under Article III, a plaintiff must establish standing by pleading an injury in fact that has a causal connection to a defendant's conduct and is redressable.  Id.

Defendant argues that Plaintiffs' alleged harm – the cost of the unreturnable goods and credit card interest – is not sufficient to establish an injury in fact because the Temporary Return Policy purportedly in place when Plaintiffs attempted to return their goods allowed Plaintiffs, at the time, to return their goods at an unspecified future date.[2]  (Motion at 7-9, Reply at 2.)  Plaintiffs allege that they have established standing because they have not yet received refunds and because the new refund policy does not cover all of their goods.  (Opposition at 8-9.)

Defendant points to several California district court cases that purportedly hold that a full refund deprives plaintiff consumers of standing.  These cases are not on point.  Becker v. Skype Inc. held that a plaintiff had not suffered an injury after spending two hours on the phone with a company where he had been fully refunded before the filing of the lawsuit.  No. 5:12-CV-06477-EJD, 2014 WL 556697, at *2-3 (N.D. Cal. Feb. 10, 2014).  Similarly, Gonzales v. Comcast Corp. held that a plaintiff did not have standing where he offered "speculative" allegations that a refund he had received had been insufficient.  No. 10-CV-01010-LJO-BAM, 2012 WL 10621, at *5-6 (E.D. Cal. Jan. 3, 2012), report and recommendation adopted, No. 1:10-CV-01010-LJO, 2012 WL 217708 (E.D. Cal. Jan. 23, 2012).  Plaintiffs, on the other hand, have not received full refunds, were not informed at the time of seeking a refund that they would be able to do so at a later date, and are not yet certain that they will be able to receive a full refund.  This is sufficient injury for standing.

Defendant's motion is DENIED as to Article III standing.

### 2.  Risk of Future Injury

"[A] plaintiff must demonstrate standing separately for each form of relief sought." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 185 (2000).  A previously-deceived consumer has standing to seek injunctive relief in a false advertising suit where she plausibly alleges "that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." Davidson v. Kimberly-Clark Corp., 873 F.3d 1103, 1115 (9th Cir. 2017).

---

[2] Defendant alleges that since the filing of this lawsuit, it has updated that return policy to allow Plaintiffs to return their goods for a full refund by December 17, 2020.  (Motion at 7-9.)

Defendant alleges that Plaintiffs do not face future injury because Plaintiffs are aware of the Temporary Return Policy and so will not be misled in the future. (Motion at 9-10.) This, however, misstates the test. Under Davidson, a plaintiff establishes standing not by demonstrating that they are aware of a defendant's past false advertising, but by alleging that a defendant's past false advertising has impacted its credibility. Plaintiffs have demonstrated that Defendant had at least three return policies in place, damaging its future credibility (the posted 90-day policy, the amorphous Temporary Return Policy posted on Defendant's website, and the policy as actually reported and enforced by store managers). However, nowhere have Plaintiffs alleged that they would like to return to shop at Walmart in the future but will not be able to rely on Defendant to accurately advertise items' returnability in the future.[3] This establishes standing for injunctive relief.

Defendant's Motion is GRANTED as to injunctive standing. Plaintiffs' First, Second, and Third Causes of Action are dismissed.

**B.      Equitable Claims (First, Second, and Third Causes of Action)**

As only Plaintiffs' claims for damages remain, the Court need not reach Defendant's argument that Plaintiffs' equitable claims must be dismissed where there is adequate legal remedy, nor Defendant's many arguments against Plaintiffs' First, Second, and Third Causes of Action. (Motion at 10.)

**C.      Breach of Contract (Fourth Cause of Action)**

Plaintiffs allege that they entered into sales contracts with Defendant by purchasing Defendant's products, that these contracts incorporated Defendant's 90-day Return Policy, and that Defendant breached these contracts by refusing to accept Plaintiffs' items for return. (FAC ¶¶ 126-133.) Defendant argues that Plaintiffs have not adequately pled the existence of a contract. (Motion at 20.)

Under California law, "[i]n order to state a claim for breach of contract, a plaintiff must plead the existence of a contract, his performance of the contract or excuse for nonperformance, the defendant's breach and resulting damages." Donohue v. Apple, Inc., 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012) (internal citations omitted). "A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint . . . it is unnecessary for a plaintiff to allege the terms of the alleged contract with precision . . . the Court must be able generally to discern at least what material obligation of the contract the defendant allegedly breached." Langan v. United Servs. Auto. Ass'n, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (internal citations omitted).

---

[3] Plaintiffs' Opposition cites language in the FAC that alleges that "Plaintiff Schwalbach has been a regular shopper at Walmart" and "Plaintiff O'Brien has been a regular shopper at Walmart." (Opposition at 11; FAC ¶¶ 39, 49.) Neither of these statements alleges that Plaintiffs have plans to return in the future but cannot rely on Defendant's advertising.

Plaintiffs satisfy these requirements at the pleading stage.  Plaintiffs allege that purchasing items from Defendant created contracts between Defendant and themselves.  (FAC ¶ 127.)  While Plaintiffs do not attach the contract or allege the terms "with precision," the Court can easily "discern at least what material obligation of the contract the defendant allegedly breached": the "longstanding return policy," which Plaintiffs elsewhere allege is a "90-day return policy."  (Id. ¶¶ 127, 28.)  Plaintiffs sufficiently plead breach of policy and damages as well.  Defendant's Motion to Dismiss is therefore DENIED as to the Fourth Cause of Action.

**D.      Violation of California Civil Code § 1723 (Fifth Cause of Action)**

Cal. Civ. Code § 1723(a) provides:

> Every retail seller which sells goods to the public in this state that has a policy as to any of those goods of not giving full cash or credit refunds, or of not allowing equal exchanges, or any combination thereof, for at least seven days following purchase of the goods if they are returned and proof of their purchase is presented, shall conspicuously display that policy either on signs posted at each cash register and sales counter, at each public entrance, on tags attached to each item sold under that policy, or on the retail seller's order forms, if any.

Plaintiffs allege that Defendant violated this provision when it sold goods to the public but refused to give full refunds for items fewer than seven days after purchase without displaying the policy.  (FAC ¶¶ 126-142.)  Defendant alleges that § 1723(a) does not cover it because no iteration of the Temporary Return Policy posted on its website "contains a provision stating that Walmart will not give full cash or credit refunds."[4]  (Motion at 29.)

Defendant's argument contains just one flaw: the Temporary Return Policy posted on its website is not the temporary return policy to which its store managers subjected Plaintiffs.  Defendant claims that its online Temporary Return Policy "did not ban returns," but its store managers told Plaintiffs that they would never be able to return their goods.  (Reply at 16, FAC ¶¶ 33, 50).  Defendant's managers across multiple stores were clearly implementing a different policy than is posted on its website.  Posting that policy would have clarified things for Plaintiffs – and for Defendant's own employees.  Plaintiffs have adequately stated a claim.  Defendant's Motion to Dismiss is DENIED as to the fifth cause of action.

---

[4] Defendant does not claim to be exempted under Cal. Civ. Code § 1723(b), which provides that § 1723(a) "does not apply to . . . goods which cannot be resold due to health considerations."

### E. Negligent Misrepresentation (Sixth Cause of Action)

Defendant argues that Plaintiffs' Sixth Cause of Action is barred by the economic loss doctrine. (Motion at 22-23.) As Plaintiff does not oppose, see generally Opposition, the Court GRANTS Defendant's Motion as to the sixth cause of action.

## V. LEAVE TO AMEND

Generally, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted). Here, the Court identifies specific factual deficiencies which may be cured by amendment. Thus, the Court GRANTS LEAVE TO AMEND.

## VI. CONCLUSION

For the reasons above, the Court GRANTS-IN-PART and DENIES-IN-PART Defendant's Motion. The first, second, and third causes of action are dismissed with leave to amend. The sixth cause of action is dismissed without leave to amend. The November 9, 2020 hearing is VACATED. Plaintiffs shall file an amended complaint, if any, by November 25, 2020.

**IT IS SO ORDERED.**